An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM JAMES BERRY, SR.,
Appellant,
vs.
WILLIAM JAMES BERRY, JR.;
DARIAN BERRY; AND MARIO BERRY,
Respondents.

No. 57939

FILED

FEB 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER VACATING DISTRICT COURT ORDER

This is a proper person appeal from a district court order dismissing a real property action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Based on our review of the appellate record, it came to our attention that, on July 30, 2010, the district court entered a default judgment against respondents in the underlying case. Although respondents moved the district court to set aside the default judgment and the district court orally granted that motion, no written, file-stamped order memorializing this decision was ever entered. Despite the absence of any written order setting aside the default judgment, the district court subsequently dismissed the amended complaint for want of prosecution on January 14, 2011. This appeal followed.

In Greene v. District Court, 115 Nev. 391, 396, 990 P.2d 184, 187 (1999), this court held that once a judgment is final, the district court

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05072

lacks jurisdiction to reopen the case unless the judgment is "set aside or vacated pursuant to the Nevada Rules of Civil Procedure." Here, the July 30 default judgment in appellant's favor constituted the final judgment in the underlying matter, as it resolved all of the claims pending therein. Lee v. GNLV Corp., 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (explaining that a final judgment disposes of all the issues presented in a case, except for post-judgment issues such as attorney fees and costs). Although the district court orally granted respondents' motion to set aside the default judgment, it never entered a written, file-stamped order memorializing that ruling, and thus, the oral ruling on that motion was ineffective. State, Div. Child & Fam. Servs. v. Dist. Ct., 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004) (concluding that "dispositional orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective").

Under these circumstances, the July 30 default judgment remains the final judgment in the underlying case and the district court lacked jurisdiction to enter the subsequent January 14 order of dismissal for want of prosecution. Greene, 115 Nev. at 396, 990 P.2d at 187. The January 14, 2011, order is therefore void and we order the district court to vacate that order. Absent a written, file-stamped order memorializing the district court's oral ruling setting aside the default judgment, the July 30,

2010, default judgment remains the final judgment in the underlying case.[1] This order represents the final disposition in this appeal.

It is so ORDERED.[2]

_____ , C.J.
Pickering

_____ , J.
Hardesty

_____ , J.
Saitta

cc:    Hon. Jerry A. Wiese, District Judge
      William James Berry, Sr.
      Boyack & Beck
      Eighth District Court Clerk

---

[1]As the oral ruling granting the motion to set aside was ineffective, we do not reach the merits of the district court's oral ruling on this issue. Nonetheless, nothing in this order should be construed as affecting the district court's entry of a written, file-stamped order memorializing this ruling.

[2]With regard to appellant's request for transcripts of various district court proceedings, we conclude that the requested transcripts are not necessary for our resolution of this matter.